
EOD
01/20/2016

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**Robert Hobbs**<br>XXX-XX-6423<br>2715 Carriage Trail<br>McKinney, TX 75070<br>**Debtor** | Case No.: 14-40710-R<br><br><br><br>Chapter 11 |

### ORDER CONFIRMING DEBTOR'S FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION [DATED NOVEMBER 25, 2015] AND GRANTING FINAL APPROVAL OF DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT [DATED NOVEMBER 25, 2015]

On the 19th day of January, 2016, came on before the Court the following matters: (a) a final hearing on the approval of the Second Amended Disclosure Statement for Debtor's Plan of Reorganization ("Disclosure Statement"); and (b) a confirmation hearing on the Debtor's Fourth Amended Plan of Reorganization ("Plan") each of which were filed by Robert Hobbs, the Debtor and Debtor-in-possession in this bankruptcy case ("Debtor"). The Court, having considered the Disclosure Statement, the Plan, the ballot tally, and the evidence presented at the hearing, and there being no objections to the final approval of the Disclosure Statement or to the confirmation of the Plan, made its findings of fact and conclusions of law orally on the record, which findings and conclusions are incorporated by reference herein and set forth in part as follows (capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Debtor commenced the subject bankruptcy case by the filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code on March 31, 2014 (the "Petition Date"). The case was subsequently converted to a proceeding under Chapter 11 of the United States Bankruptcy Code by order entered on November 4, 2014 (the "Order For Relief Date").

2. The Plan and the Disclosure Statement were filed on November 25, 2015. The Disclosure Statement was conditionally approved by this Court by order entered on November 30, 2015 (the "Disclosure Statement Order"), and authorized the Debtor to solicit votes with respect to the Plan.

3. On December 3, 2015, the Plan, Disclosure Statement, Disclosure Statement Order and a Ballot for the solicitation of votes were mailed to all creditors and parties in interest entitled to receipt of same in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. The deadline for filing objections to the Plan and/or the Disclosure Statement was January 13, 2016. The deadline for voting to accept or reject the Plan was January 15, 2016.

5. The Debtor proposed the Plan in good faith to provide for the treatment of all claims against the Debtor and his property.

6. All creditors, and other parties in interest, in accordance with the orders of this Court, timely received copies of: (a) the Plan; (b) the Disclosure Statement Order; and (c) the Disclosure Statement. Further, all such parties, in accordance with the orders of this Court,

timely received appropriate notice of: (a) the time within which ballots must have been received by the Debtor; (b) the time within which objections to confirmation and/or to final approval of the Disclosure Statement must have been filed; and (c) the January 19, 2016 Confirmation Hearing.

7. No objections to either the Disclosure Statement or the confirmation of the Plan were timely filed with this Court.

8. The Disclosure Statement contains adequate information.

9. The Ballot Summary and Ballot Tabulation, which were filed with the Court on January 15, 2016, reflect the voting results tabulated by the Debtor from the timely received ballots of each Class designated under the Plan, as reported to, and approved by, the Court.

10. The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 11 U.S.C. §157 (b)(2)(A)-(L), and (O).

11. The Plan meets all requirements of §§1122 and 1123 of the Bankruptcy Code and the Debtors have complied with §1125 of the Bankruptcy Code with respect to the Plan.

12. The Plan complies with all pertinent provisions of §1129 (as set forth in greater detail below) and with all other requirements of the Bankruptcy Code.

    a. <u>Due and Sufficient Notice</u>. Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

    b. <u>Plan Compliance - Bankruptcy Code Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

c. <u>Proponent Compliance - Bankruptcy Code Section 1129(a)(2)</u>. The Proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code.

d. <u>Good Faith - Bankruptcy Code Section 1129(a)(3)</u>. The Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e).

e. <u>Payments - Bankruptcy Code Section 1129(a)(4)</u>. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan and/or case have been approved by or are subject to the approval of this Court.

f. <u>Disclosures Regarding Post-Confirmation Management - Bankruptcy Code Section 1129(a)(5)</u>. The Debtor, as plan proponent, has disclosed the identity and affiliations of the individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor's business and the continuance in such office of such individual is consistent with the interests of creditors and equity security holders and with public policy. The Debtor, as plan proponent, has further disclosed the identity insiders, if any, that will be retained by the reorganized debtors, and the nature of any compensation for such insiders.

g. <u>No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)</u>. No governmentally regulated rates are involved in this case.

h. <u>Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)</u>. With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account

of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

      i.    <u>Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)</u>. Class 1 (Seterus, Inc.), Class 3 (the Collin County Tax Assessor/Collector) and Class 6 (General Unsecured creditors) voted to accept the Plan in excess of the amounts and numbers required by Section 1126 of the Bankruptcy Code. All Classes that contained Class members that actually voted are impaired. No Classes voted to reject the Plan. The holders of Allowed Class 2 (Department of the Treasury – Internal Revenue Service), Class 4 (Dell Commercial Credit), and Class 5 (Capital One Auto Finance) Claims did not vote and are deemed to have rejected the Plan. Class 7, which consists of holders of Interests, is deemed to have accepted the Plan as the holders of such Interests are unimpaired under the Plan.

      j.    <u>Priority Claims - Bankruptcy Code Section 1129(a)(9)</u>. Claims entitled to priority under 11 U.S.C. §507(a)(8) will be paid in accordance with the Bankruptcy Code or as per the provisions of the Plan.

      k.    <u>Class Acceptance - Bankruptcy Code Section 1129(a)(10)</u>. At least one class of claims that is impaired under the plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

      l.    <u>Feasibility - Bankruptcy Code Section 1129(a)(11)</u>. The Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor.

  m. <u>Fees - Bankruptcy Code Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. §1930 have been paid.

  n. <u>Retiree Benefits - Bankruptcy Code Section 1129(a)(13)</u>. There are no retiree benefits involved in this case.

  o. <u>Domestic Support Obligations - Bankruptcy Code Section 1129(a)(14)</u>. There are no domestic support obligations involved in this case.

  p. <u>Individual Debtor/Unsecured Creditor Objection - Bankruptcy Code Section 1129(a)(15)</u>. There were no objections to confirmation of the Plan filed by creditors holding allowed unsecured claims filed in the case and, as a result, Section 1129(a)(15) is not applicable in this case.

  q. <u>Transfer Compliance - Bankruptcy Code Section 1129(a)(16)</u>. The Plan does not contemplate the transfer of property and thereby complies with the provisions of 11 U.S.C. §1129(a)(16).

13. The Plan satisfies the requirements of Bankruptcy Code § 1129(b) as regards the members of Classes 2 (the Department of the Treasury - Internal Revenue Service), 4 (Dell Commercial Credit) and 5 (Capital One Auto Finance).

THEREFORE, based upon the foregoing findings of fact and conclusions of law:

### ORDER

**IT IS HEREBY ORDERED** that:

1. The Disclosure Statement, having been previously conditionally approved, is hereby approved.

2. The Plan is and shall be hereby confirmed in all respects pursuant to Section 1129(a) of the Bankruptcy Code.

3. Pursuant to Article VII(B)(1) of the Plan, title to all assets, claims, Causes of Action, properties, and business operations of the Debtor and of the Estate shall vest and/or revest in the Debtor as the Reorganized Debtor.

4. All perfected liens and security interests of any creditor shall continue to be perfected with respect to such creditor's collateral.

5. That, except as otherwise expressly provided in, or permitted under the Plan, all persons who have held, hold or may hold Claims or Interests are permanently enjoined on and after the Effective Date against the: (a) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor on account of Claims against or Interests in the Debtor; (b) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor, or any assets or property of same; or (c) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor arising from such Claim or Interest.

6. This Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by the Bankruptcy Code except to the extent otherwise set forth herein.

7. This Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents.

8. That each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order; and it is further

9. To the extent that the terms of the Plan conflict with any prior Orders of this Court, the terms of this Order shall be controlling.

10. Within fourteen (14) days after the date of the entry of this Order, the Debtor shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), parties who have filed a Notice of Appearance, parties to rejected leases or executory contracts and all other parties listed on the Debtor's Master Service List, notice of entry of this Order.

Signed on 1/20/2016

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER SUBMITTED BY:**

*/s/ Michael S. Mitchell*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
**Counsel for Debtor and Debtor in Possession**